The Honorable Bob Keltner State Representative 6608 Juniper Road Little Rock, Arkansas 72209
Dear Representative Keltner:
This official Attorney General opinion is issued in response to your recent question regarding dual service as a state legislator and as a justice of the peace. You have asked:
 (1) Under Article 5, Section 7 of the Arkansas Constitution, can a sitting justice of the peace who is elected in a special election to the position of state representative continue to serve in both positions?
 (2) Does Article 5, Section 10 of the Arkansas Constitution preclude the individual described in Question 1 from running for re-election in one or both positions?
RESPONSE
Question 1 — Under Article 5, Section 7 of the Arkansas Constitution, cana sitting justice of the peace who is elected in a special election tothe position of state representative continue to serve in bothpositions?
It is my opinion that a sitting justice of the peace who is elected in a special election to the position of state representative can continue to serve in both positions.
Article 5, Section 7 of the Arkansas Constitution states:
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney-General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
ARK. CONST., art. 5, § 7 (emphasis added).
The unambiguous language of this constitutional provision clearly excepts justices of the peace from its prohibition against various civil officers' eligibility for the General Assembly. The Arkansas Supreme Court has held that constitutional language should be interpreted just as it reads, giving it its plain and ordinary meaning. See Foster v.Jefferson, 321 Ark. 105, 901 S.W.2d 809 (1995); Walmsley v. McCuen,318 Ark. 269, 885 S.W.2d 10 (1994); see also Williams v. Douglas,251 Ark. 555, 473 S.W.2d 896 (1971).
In Williams v. Douglas, supra, the Arkansas Supreme Court recognized the exception language of Article 5, § 7, and noted that it would be permissible for a sitting school board member who was elected to the school board prior to having been elected to the General Assembly to continue to serve in both positions. (However, as discussed in response to Question 2, the situation at issue in that case was held impermissible, because the school board member in question was elected during the individual's term in the General Assembly.)
In light of the court's discussion in Williams and in light of the plain exception language of Article 5, § 7, I must conclude that Article 5, § 7 expressly permits a sitting justice of the peace who is elected to serve in the General Assembly to continue to serve in both positions.
Question 2 — Does Article 5, Section 10 of the Arkansas Constitutionpreclude the individual described in Question 1 from running forre-election in one or both positions?
It is my opinion that Article 5, Section 10 of the Arkansas Constitution operates to preclude the individual described in Question 1 from running for re-election to the position of justice of the peace during his term as state legislator.
Article 5, § 10 of the Arkansas Constitution states:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
ARK. CONST., art. 5, § 10.
The plain language of this provision clearly prohibits state legislators from being elected to any other civil office during their terms as legislators. Therefore, while it is permissible for a legislator to serve out the term of another office to which he was elected prior to being elected to the state legislature, it is not permissible for him to be re-elected to that other office during his term in the state legislature. See Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896
(1971).
Article 5, § 10 does not address the converse situation. That is, it does not prohibit a person who holds another civil office from being elected to the state legislature during his term in the other office. This situation is the one addressed by Article 5, § 7 and by Question 1, above. As discussed in response to Question 1, Article 5, § 7 prohibits certain civil officers from being eligible to serve in the state legislature, but it expressly excepts justices of the peace from that prohibition.
In Williams v. Douglas, supra, the Arkansas Supreme Court described the difference between Sections 7 and 10 of Article 5 of the constitution, explaining that Section 7 addresses the eligibility of previously elected civil officers to be seated in the state legislature (and states that justices of the peace are eligible), whereas Section 10 addresses the eligibility of already seated state legislators to be elected (or appointed) to other civil offices. Article 5, § 10 flatly prohibits all legislators from being elected or appointed to other offices during their terms in the legislature, and makes no exception for justices of the peace or any other office. See Williams v. Douglas, 251 Ark. 555,473 S.W.2d 896 (1971).
Applying the court's analysis to your question, I must conclude that Article 5, Section 10 of the Arkansas Constitution operates to preclude a person who has been elected to the state legislature from being re-elected to the position of justice of the peace during his term as state legislator.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh